UNITED STATES DISTRICT COURT
Eastern District of Virginia

In The Matter of Carol Ann. Forti    )
    Appellant    ) Bankruptcy No. 10-17415
                                                 ) Case 1:12-cv-00 785-GBL-TRJ
    v.

Andrew Ross, Appellee

Thomas Gorman, Trustee, Appellee

**STATEMENT OF THE APPELLEE: ANDREW ROSS' REPLY BRIEF**

1

## TABLE of CONTENTS

| | |
|---|---|
| Contents | 2 |
| Table of authorities | 3 |
| Questions presented | 4 |
| Appellee's statement of facts | 5 |
| Argument of questions presented | 6 |

COMES NOW Andrew Ross, appellee, in response to the appellate brief of appellant Carol Ann Forti.

## TABLE OF CASES

Pepper v. Litton, 308 US. 295 (1939)

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)

QUESTIONS PRESENTED

1. Whether the U.S. Bankruptcy Judge committed reversible error in declining to review the decisions of the Court of Appeals for the District of Columbia

2. Whether the U.S. Bankruptcy Judge committed reversible error in failing to grant a stay of distribution pending appeal

STATEMENT OF FACTS

Mr. Ross's claim before the U.S. Bankruptcy Court is based on a foreign judgment domesticated in the Circuit Court of the City of Alexandria.  Ms Forti presented her objection to this foreign judgment in the course of her litigation below (docket item 41) and withdrew her objection in further course as conceded on page four of Ms Forti's amended issues on appeal, citing Judge Mitchell's acceptance of the withdrawal on February 23, 2011 (vice 2012) which objection was not renewed despite Judge Mitchell's permission to treat the withdrawal as without prejudice..  The subject of the litigation then became the process of administration of her solvent estate.  The maintenance of that situation is inconsistent with her position that the judgment accepted by the Bankruptcy Court was subject to review under Pepper v. Litton, 308 US. 295 (1939) to prevent fraud and injustice.

Argument of questions presented

Ms Forti takes great effort in her statement of issues to complain of the decision of the Superior Court of the District of Columbia.  Her attention is barely turned to the progress of Mr. Ross's claim before the Bankruptcy Court.  The reviewer will please note that none of her citations is to a Virginia decision nor in question I does she argue any fault of the Bankruptcy Court proceeding except, principally, in failing to review the D.C. judgment at her repeated behest.  Ms Forti's associated complaints of the court's indifference to her are grounded upon her insistence upon the invalidity of the D.C. judgment and the court's obligation to make 'independent inquiry' (brief, page 12) into its legitimacy.

Ms Forti's complaint of fraud by Mr. Ross and his counsel in part II of her brief was not raised in any of this proceeding before her assertion within this appeal of fraud in the procurement of Superior Court decision by its assertion in her Designation of Record and Issues

5

of June 7, 2012. No such matter was asserted before the Bankruptcy Court nor alleged to have been asserted in Superior Court, which facts she concedes on page five of her Amended Issues.

Ms Forti attacks the Bankruptcy Court's acceptance of the facts of the District of Columbia case and counsel's conduct in it. In her brief Ms Forti labors to insert the facts of the litigation in the District of Columbia which lead to the judgment which was domesticated in Alexandria as the basis of this Bankruptcy Court litigation. In her section III she contends that this court '[was] confused' about the fact that the judgment of the Superior Court was not a final judgment by conflating her disagreement with the judgment with that judgment's procedural nature and thus asserting by inference that the bankruptcy court had jurisdiction to and could have reviewed the state of the District of Columbia proceedings, a proposition for which there is no authority and was expressly considered and rejected by the Bankruptcy Court in its order of April 26th, 2012.

Mrs. Forti's point IV contends that the Superior Court and Court of Appeals judgment was defective, in which she attributes no error to the Bankrupty Court. In question V. Ms Fortis contends that the Superior Court and Court of Appeals judgment denied her due process and thus should have been reviewed by the Bankruptcy Court even though at no point did she show the D.C. Court's neglect of its own procedural rules and concedes that Judge Kenney found that she had been accorded due process by that Court (Brief of appellant, page 24, referring to the order of April 26, 2012, docket item 151. Judge Kenney properly depended throughout upon the doctrine that the federal courts do not sit as courts of appeal from state courts, citing <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983), a decision for which Ms Forti does not care but cannot distinguish.

6

Similarly Ms Forti's questionVI disputes the court's decision not to stay distribution of the proceeds of sale of her estate and to allow her time to consult constitutional experts. There was no inkling that such experts were on hand for Ms Forti. The point of the application for a stay was carefully reviewed twice by the Bankruptcy Court and twice rejected in the order of April 26th, above, and again in the order denying stay pending appeal of May 23, 2012, docket item 170.

WHEREFORE, the foregoing presentation and Ms Forti's brief itself showing that there was no reversible error in the proceeding before the Bankruptcy Court, Mr. Ross prays that the appellant's appeal be dismissed.

Respectfully submitted,

/s/_George E. Tuttle, Jr. _____

George E. Tuttle, Jr., Vsb 14411
1225 Martha Custis Drive
  ParcEast 103
Alexandria, Virginia 22302
  (703) 820 3600
  facsimile: (703) 820 8602
E-mail: gtuttle@straublawoffices.com

.

## **CERTIFICATE OF SERVICE**

I certify that copies of the foregoing appellee's brief were mailed postpaid to the following persons this 14th _ day of August, 2012

Carol A. Forti, appellant pro se
5 – A2 Spa Creek Landing]
Annapolis, Maryland 21403
(410) 626 6055
Carolforti393@verizon. net

Thomas P. Gorman, Standing Chapter 13 Trustee
300 North Washington Street, suite 401
Alexandria, Virginia 22314

                                            _ /s/ George E. Tuttle, Jr. __
                                  George E. Tuttle, Jr., Vsb 14411
                                  1225 Martha Custis Drive
                                        ParcEast 103
                                  Alexandria, Virginia 22302
                                       (703) 820 3600
                                     facsimile: (703) 820 8602
                              E-mail: gtuttle@straublawoffices.com